**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Northern Division)**

| | |
|---|---|
| CAPITAL AREA IMMIGRANTS' RIGHTS (CAIR) COALITION, <br><br> *Plaintiff*, <br><br> v. <br><br> UNITED STATES IMMIGRATION AND CUSTOMS ENFORCEMENT; <br><br> MATTHEW T. ALBENCE, Acting Director of U.S. Immigration and Customs Enforcement; <br><br> UNITED STATES DEPARTMENT OF HOMELAND SECURITY; <br><br> CHAD F. WOLF, Acting Secretary of the U.S. Department of Homeland Security; AND <br><br> GREG COLLETT, Acting Director of the Maryland Field Office of U.S. Immigration and Customs Enforcement, <br><br> Serve On: <br> U.S. Department of Justice, <br> William Barr, U.S. Attorney General <br> 950 Pennsylvania Avenue, NW <br> Washington, D.C. 20530 <br><br> *Defendants.* | Civil Action No.: |

**<u>COMPLAINT</u>**

Plaintiff, Capital Area Immigrants' Rights Coalition ("CAIR Coalition" or "Plaintiff"),

brings this action against Defendants United States Immigration and Customs Enforcement

("ICE"); Matthew T. Albence, Acting Director of ICE; the United States Department of

Homeland Security; Chad F. Wolf, Acting Secretary of the United States Department of Homeland Security; and Greg Collett, Acting Director of the Maryland Field Office of ICE, (collectively, "ICE" or the "Defendants"), for violation of the Freedom of Information Act, 5 U.S.C. § 552 *et seq.* ("FOIA"), based on ICE's failure to (a) search for requested records, and (b) provide any response to Plaintiff's FOIA request. This action seeks to compel ICE to immediately release records regarding custody decisions in the ICE Maryland Area of Responsibility under 8 U.S.C. § 1226 (a).

## PARTIES

1.      Plaintiff Capital Area Immigrants' Rights Coalition is a Washington, D.C. non-profit corporation with offices in Washington, D.C. and Baltimore, Maryland.  CAIR Coalition is a public interest organization that provides legal advocacy, education and training services, public policy development, information sharing, and community empowerment programs. CAIR Coalition's Detained Adult and Detained Children's Programs focus exclusively on assisting immigrant men, women, and children in immigration detention in Maryland and Virginia.  CAIR Coalition secures legal counsel and conducts legal rights presentations for immigrant detainees being held in Virginia and Maryland detention facilities.  Additionally, CAIR Coalition's Immigration Impact Lab, an appellate impact litigation project, responds proactively to injustices that detained immigrant men, women, and children face in the U.S. immigration detention and deportation system via federal litigation.  As a corporation, CAIR Coalition is a person within the meaning of 5 U.S.C. § 551(2).

2.      Defendants are the federal agencies and acting directors of those federal agencies responsible for the enforcement of federal immigration statutes, including but not limited to

36417680.4

making custody determinations of and detaining immigrants pending their removal proceedings.

ICE is an agency of the United States government within the meaning of 5 U.S.C. § 552(f)(1).

## JURISDICTION AND VENUE

3.      This Court has jurisdiction pursuant to 28 U.S.C. § 1331 (federal question),
because the cause of action asserted in this Complaint arises under the Freedom of Information
Act, 5 U.S.C. § 552 *et seq.*

4.      This Court has jurisdiction to grant declaratory and further proper relief pursuant
to 28 U.S.C. §§ 2201-2202.

5.      Venue is proper in this District pursuant to 5 U.S.C. § 552(a)(4)(B), because
CAIR Coalition maintains an office in Baltimore, Maryland, and because upon information and
belief, many, if not most, of the requested records can be found at ICE's field office in
Baltimore, Maryland.

## FACTUAL AND LEGAL BACKGROUND

6.      On June 19, 2018, CAIR Coalition submitted a FOIA request to the ICE FOIA
Office ("FOIA Request").  The FOIA Request sought records from ICE regarding custody
decisions in the ICE Maryland Area of Responsibility under INA § 236(a). 8 U.S.C. § 1226(a).
In particular, the FOIA Request sought information regarding individuals in the custody of ICE
who have received a determination of release on monetary bond but who have not posted the
bond for the time period of January 1, 2015 through June 19, 2018.  A copy of the FOIA Request
is attached hereto as **Exhibit A**.

7.      CAIR Coalition sent the FOIA Request as part of an ongoing effort to protect the
constitutional rights of individuals being held in ICE custody. Defendant ICE is the federal
agency authorized to arrest and detain individuals charged with civil immigration violations, and

to make individualized initial custody determinations. 8 U.S.C. § 1226; 8 C.F.R. § 1236.1(c)(8). For those who are not mandatorily detained pursuant to statute, ICE may in its discretion release an individual with bond of at least $1500 or on "conditional parole" (release on recognizance without monetary conditions). 8 U.S.C. § 1226(a)(2). In this initial determination by ICE, the individual must satisfy two requirements for bond. The individual "must demonstrate to the satisfaction of the officer that … (1) release would not pose a danger to property or persons, and that (2) the alien is likely to appear for any future proceeding." 8 C.F.R. § 1236.1(c)(8). It is a unilateral assessment with no opportunity for the individual to be heard. ICE holds no hearing before any neutral arbiter and provides no opportunity for the individual to obtain or respond to the reasons for the custody determination or the allegations underlying said determination. As far as CAIR Coalition is aware, ability to pay is not a consideration in making the initial custody determination.

8.    The only avenue by which an individual can seek review of this ICE custody determination is by requesting a "custody redetermination," or bond hearing, before the Immigration Judge ("IJ"). 8 C.F.R. § 1003.19; 8 C.F.R. § 1236.1(d)(1). However, because ICE officers provide no memorialized reasons for the initial determination, the IJ has no means to review the initial ICE custody determination. As far as CAIR Coalition is aware, ability to pay is not a required consideration and is not considered at the custody redetermination hearing.

9.    As the Department of Justice ("DOJ") has noted in the past, "[i]ncarcerating individuals solely because of their inability to pay for their release" is unconstitutional and constitutes bad public policy.[1] Despite this, there is evidence that the U.S. government does not currently require ICE or IJs to consider an individual's financial circumstances in setting a bond

---

[1] Statement of Interest of the United States at 1, *Varden v. City of Clanton*, No. 2:15-cv-34 (M.D. Ala. Feb. 13, 2015), Dkt. 26, *available at* http://www.justice.gov/file/340461/download.

amount. As a result, many individuals continue to be detailed solely because they are unable to afford a money bond.

10.     The records requested by CAIR Coalition are necessary to understand and assess information relating to persons who remained in custody at ICE detention facilities in the Maryland Area of Responsibility during the time period covered by the FOIA Request because those persons were or are unable to post a money bond.  The records requested by CAIR are necessary to determine the number and percentage of persons affected and how long they remained in detention, and to understand and assess the policies, procedures, and bases for their detention, as well as other information relating to the conditions of their detention that the documents might reveal.  Based on CAIR Coalition's investigation and knowledge to date, data on this issue has not been made publicly available and is, in fact, not available via other sources.

11.     On June 26, 2018, the ICE FOIA Office acknowledged receipt of the FOIA Request.  The FOIA Request was assigned case number 2018-ICFO-45685.  A copy of this email is attached hereto as **Exhibit B**.

12.     On July 5, 2018, the ICE FOIA Office emailed CAIR Coalition, requesting that CAIR Coalition narrow the scope of its request by providing a specific time period for the requested records within 30 days.  A copy of this email is attached hereto as **Exhibit C**.

13.     Even though CAIR Coalition's FOIA Request contained a limited time period of January 1, 2015 through June 19, 2018 for the requested records, CAIR Coalition responded to ICE's request for clarification on August 1, 2018, reiterating that the time period for the FOIA Request is January 1, 2015 through June 19, 2018.  A copy of this email is attached hereto as Exhibit C.

14.     On January 17, 2019, CAIR Coalition emailed the ICE FOIA Office for a status

update.  A copy of this email is attached hereto as **Exhibit D**.

15.     In the intervening time period between August 1, 2018 and January 17, 2019, CAIR Coalition did not receive any correspondence or response to the FOIA Request from the ICE FOIA Office.

16.     CAIR Coalition did not receive a response to the January 17, 2019 status inquiry.

17.     On February 7, 2019, CAIR Coalition emailed the ICE FOIA Office again for a status update.  A copy of this email is attached hereto as Exhibit D.

18.     On March 5, 2019, the ICE FOIA Office emailed CAIR Coalition stating that it closed the FOIA Request on August 14, 2018 because "[c]larification was requested on this but never received."  A copy of this email is attached hereto as Exhibit D.

19.     On March 11, 2019, CAIR Coalition emailed the ICE FOIA Office providing proof that CAIR Coalition timely responded to the request for clarification on August 1, 2018.  A copy of this email is attached hereto as **Exhibit E**.

20.     The ICE FOIA Office did not respond to CAIR Coalition's March 11 email. However, on May 1, 2019, CAIR Coalition checked the status of the FOIA Request on https://www.dhs.gov/foia-status.  Through that online status check, CAIR Coalition learned that the request status had been changed from "Closed" to "Amended."  A copy of this request status is attached hereto as **Exhibit F**.

21.     To date, CAIR Coalition has received no response to or denial of the FOIA Request from the ICE FOIA Office.

22.     The records requested in the FOIA Request are clearly in the possession of ICE, as the custodian of immigrant detainees and as the administrator of surety bonds for custody determinations.

36417680.4

23.     On September 12, 2019, CAIR Coalition filed a FOIA appeal with the ICE Office

of the Principal Legal Advisor and the Department of Homeland Security ("DHS") Privacy

Office pursuant to 6 C.F.R. § 5.8(a), asserting that ICE failed to search its records and respond to

the FOIA Request ("FOIA Appeal").  A copy of the FOIA Appeal is attached hereto as **Exhibit**

**G**.

24.     To date, CAIR Coalition has received no confirmation of receipt of the appeal, or

response to or denial of the FOIA Appeal from the ICE Office of the Principal Legal Advisor

and the DHS Privacy Office.

25.     CAIR Coalition has exhausted the applicable administrative remedies with respect

to its FOIA Request.

26.     ICE has acted arbitrarily and capriciously by unlawfully avoiding its

responsibility to respond to the FOIA Request under to 5 U.S.C. § 552(a)(3) and 6 C.F.R. § 5.4.

### COUNT I
**Violation of the Freedom of Information Act**
**Failure to Make a Lawful Determination within**
**FOIA's Mandatory Determination Deadlines**
**(5 U.S.C. § 552(a)(6)(A)(i)(I))**

27.     CAIR Coalition re-alleges and incorporates by reference the allegations set forth

in Paragraphs 1 through 26 of this Complaint.

28.     CAIR Coalition has a statutory right to a lawful determination by ICE, in a

manner that complies with FOIA, on CAIR Coalition's FOIA Request.

29.     ICE has violated CAIR Coalition's rights by unlawfully failing to issue a

determination on CAIR Coalition's FOIA Request within 20 days of receipt. 5 U.S.C. §

552(a)(6)(A)(i)(I).

30.     ICE has also violated CAIR Coalition's rights by unlawfully failing to provide

"an estimated date on which the agency will complete action" on CAIR Coalition's FOIA

Request. 5 U.S.C. § 552(a)(7)(B)(ii).

31.     Unless enjoined and made subject to a declaration of CAIR Coalition's legal

rights by this Court, ICE will continue to violate CAIR Coalition's rights to receive public

records under FOIA.

**COUNT II**
**Violation of the Freedom of Information Act**
**Failure to Respond within Time Required**
**(5 U.S.C. § 552(a)(6)(A)(i))**

32.     CAIR Coalition re-alleges and incorporates by reference the allegations set forth

in Paragraphs 1 through 31 of this Complaint.

33.     ICE was required to communicate a "determination and the reasons therefor"

regarding the FOIA Request within 20 days of the original request, or provide CAIR Coalition

with written notice "setting forth the unusual circumstances for such extension and the date on

which a determination is expected to be dispatched."  5 U.S.C. § 552(a)(6)(A)(i), (a)(6)(B)(i).

34.     To date, CAIR Coalition has not received any response to its FOIA Request or a

written notice setting forth the "unusual circumstances" and extending the time limit for ICE's

response.

35.     CAIR Coalition has a right under FOIA to the timely release of non-exempt ICE

records responsive to the FOIA Request.

36.     There is no legal basis for ICE's failure to timely respond to CAIR Coalition's

FOIA Request.

37.     ICE violated CAIR Coalition's rights by failing to make a timely determination

on CAIR Coalition's FOIA Request.

38.     Unless enjoined and made subject to a declaration of CAIR Coalition's legal

rights by this Court, ICE will continue to violate CAIR Coalition's rights to receive public

36417680.4

records under FOIA.

## COUNT III
### Violation of the Freedom of Information Act
### Failure to Conduct Reasonable Search For Records
### (5 U.S.C. § 552(a)(3)(C))

39.     CAIR Coalition re-alleges and incorporates by reference the allegations set forth in Paragraphs 1 through 38 of this Complaint.

40.     CAIR Coalition has a statutory right to have ICE process its FOIA Request in a manner that complies with FOIA.  5 U.S.C. § 552(a)(3).

41.     By failing to search for records responsive to CAIR Coalition's FOIA Request, ICE violated 5 U.S.C. § 552(a)(3).

42.     Unless enjoined and made subject to a declaration of CAIR Coalition's legal rights by this Court, ICE will continue to violate CAIR Coalition's rights to receive public records under FOIA.

## COUNT IV
### Violation of the Freedom of Information Act
### Failure to Disclose Responsive Records
### (5 U.S.C. § 552(a)(3))

43.     CAIR Coalition re-alleges and incorporates by reference the allegations set forth in Paragraphs 1 through 42 of this Complaint.

44.     CAIR Coalition has a statutory right to the records it seeks.

45.     There is no legal basis for ICE to assert that any of FOIA's exemptions to mandatory disclosure apply to withhold these records from CAIR Coalition.

46.     To the extent ICE is invoking any of these exemptions, ICE is unlawfully withholding from disclosure records that are responsive to CAIR Coalition's FOIA Request.

47.     ICE violated FOIA by failing to promptly disclose the records that are responsive to CAIR Coalition's FOIA Request.

36417680.4

48.     Unless enjoined and made subject to a declaration of CAIR Coalition's legal rights by this Court, ICE will continue to violate CAIR Coalition's rights to receive public records under FOIA.

## RELIEF REQUESTED

WHEREFORE, Plaintiff prays for the following relief:

1.     Enter judgment in favor of Plaintiff CAIR Coalition and against Defendant ICE;

2.     Declare Defendant ICE's failure to respond under FOIA unlawful and enjoin ICE's unlawful withholding of records;

3.     Order Defendant ICE to promptly conduct a thorough search for all responsive records to Plaintiff CAIR Coalition's FOIA Request; to determine which, if any, portions of such records are exempt; and to produce the remaining, non-exempt portions of the records to CAIR Coalition;

4.     Expedite this proceeding as provided for in 28 U.S.C. § 1657;

5.     Award Plaintiff reasonable attorneys' fees and costs pursuant to 5 U.S.C. § 552(a)(4)(E); and

6.     Award Plaintiff CAIR Coalition any further relief the Court may deem just, equitable, and appropriate.

36417680.4

Date: February 7, 2020                    Respectfully submitted,


                                          ___/s/ April F. Doss_____

                                          SAUL EWING ARNSTEIN & LEHR LLP
                                          April Falcon Doss, Bar No. 24462
                                          500 E. Pratt St. 8th Floor
                                          Baltimore, MD 21202
                                          (o) 410-332-8798
                                          (f) 410-332-8178
                                          april.doss@saul.com

                                          Jillian K. Walton*, Bar No. 20144
                                          One PPG Place, Suite 3010
                                          Pittsburgh, PA 15222
                                          (p) 412-209-2537
                                          (f) 412-209-2570
                                          jillian.walton@saul.com

                                          * Admitted in Maryland only.

                                          *Counsel for Plaintiff Capital Area Immigrants'
                                          Rights*

36417680.4